# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**GOSPEL MINISTRIES INTERNATIONAL, INC.**

        Plaintiff,

**v.**                                       **Cause No. 1:21-cv-00566-MV-JHR**

**PREMIER PROPERTY SALES, LTD., CLAY CHESTER,** Individually and as President of Premier Property Sales, Ltd**., DYLAN STORMONT,** Individually, **DEWAYNE'S AIRCRAFT SERVICES, LLC,**

        Defendants,

**PREMIER PROPERTY SALES, LTD.,**

        Counter-Plaintiff,

**v.**

**GOSPEL MINISTRIES INTERNATIONAL, INC. AND**

        Counter-Defendant,

**PREMIER PROPERTY SALES, LTD.,**

        Plaintiff,

**v.**

**DAVID GATES,** Individually and as President of Global Ministries International and **BRANDTLEY GREENLAW,** Individually and as Chief Pilot for Global Ministries International,

        Defendants.

## PROPOSED FINDINGS AND RECOMMEDED DISPOSITION TO GRANT DEFAULT JUDGMENT (LIABILITY) AGAINST DEFENDANTS DYLAN STORMONT, INDIVIDUALLY, AND DEWAYNE'S AIRCRAFT SERVICES, LLC AND TO SCHEDULE FURTHER PROCEEDINGS TO DETERMINE DAMAGES

THIS MATTER comes before the Court on Plaintiff Gospel Ministries International, Inc.'s motion for default judgment against Defendants Dylan Stormont and Dewayne's Aircraft Services, LLC, filed November 29, 2021.  [Doc. 19].  Default was entered by the Clerk of the Court on January 19, 2022.  [Doc. 27].  The same day, presiding U.S. District Judge Martha Vazquez referred the motion to Magistrate Judge Jerry Ritter for proposed findings and a recommended disposition.  [Doc. 28].

Gospel Ministries filed its complaint against Stormont and Dewayne's Aircraft Services, among others, on June 18, 2021.  [*See* Doc. 1].  Claims against Stormont include negligence (Count 1), negligence per se (Count 2), and intentional tort (conversion or trespass) (Count 3).  [Doc. 1, pp. 4-6].  The sole claim against Dewayne's Aircraft Service is breach of contract (Count 5).  [Doc. 1, p. 8].  The complaint was served upon Stormont, individually, and upon Dewayne's Aircraft Service, through Stormont, on July 9, 2021.  [Doc. 19, pp. 2-3].  The deadline for either to file an answer or other response expired on August 12, 2021.  Fed. R. Civ. P 6(a)(1); Fed. R. Civ. P. 12(a)(1)(A)(i).  Neither Stormont nor Dewayne's Aircraft Service has filed an answer to date.  Moreover, no responses to the motion explaining the lack of responses have been filed and the time to do so has passed.  *See* D.N.M.LR-Civ. 7.4(a).  I therefore recommend entering default judgments against Defendants Stormont and Dwayne's Aircraft Services.

The Clerk having entered the default of both Stormont and Dewayne's Aircraft Service, [Doc. 27], the well-pleaded allegations in the complaint on issues of liability are deemed admitted.  Fed. R. Civ. P. 8(b)(6); *see United States v. Craigshead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) (citations omitted).  Neither the motion for default judgment nor any other document in the record establishes that the claims are for a "sum certain or a sum that can

be made certain by computation." *See* Fed. R. Civ. P. 55(b)(1).  Accordingly, the Court is required to determine the amount of damages on each of the counts against Stormont as well as the single count against Dewayne's Aircraft Services.  Fed. R. Civ. P. 55(b)(2).  Any right of Plaintiff to jury trial under federal statute must be honored unless waived.  Fed. R. Civ. P. 55(b)(2).

Therefore, I recommend:

1. that default judgment on liability only be entered against Dylan Stormont on Counts 1-3 and against Dewayne's Aircraft Services on Count 5;

2. that Magistrate Judge Ritter hold a scheduling conference with Plaintiff at the earliest practicable time to determine:

    a. whether Plaintiff asserts a federal statutory right to a jury trial on damages against these defaulting Defendants and, if so, whether Plaintiff will move to bifurcate these proceedings and ask that this jury trial go forward separate from any jury trial involving non-defaulting Defendants; or

    b. if Plaintiff has no federal statutory right to jury trial or intends to waive such a right, when Plaintiff can be prepared for a non-jury trial on damages against these defaulting Defendants and what amount of court time is required;

3. that Magistrate Judge Ritter conduct the appropriate evidentiary hearing on damages unless District Judge Vazquez determines that a single jury trial should be held involving both defaulting and non-defaulting Defendants; and

4. unless a single jury trial for all Defendants is ordered, that Magistrate Judge Ritter submit a final set of proposed findings and a recommended disposition as to damages upon the conclusion of the appropriate evidentiary hearing.

**SO RECOMMENDED.**

_____

JERRY H. RITTER
U.S. MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**