IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GOSPEL MINISTRIES INTERNATIONAL, INC.**

    Plaintiff

v.                                                                                                    No. 21-cv-0566 MV/JMR

**PREMIER PROPERTY SALES, LTD.,**
**CLAY CHESTER**, individually and as President of
Premier Property Sales, Ltd.,
**DYLAN STORMONT,** individually,
**DEWAYNE'S AIRCRAFT SERVICES, LLC,**

    Defendants.

**PREMIER PROPERTY SALES, LTD.,**

    Counter-Plaintiff,

v.

**GOSPEL MINISTRIES INTERNATIONAL, INC.**

    Counter-Defendant,

**PREMIER PROPERTY SALES, LTD.,**

    Plaintiff,

v.

**DAVID GATES,** individually and as President of
Gospel Ministries International and
**BRANDTLEY GREENLAW,** individually and as
Chief Pilot for Gospel Ministries International

    **Defendants.**

**MEMORANDUM ORDER AND OPINION ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON LIABILITY AND CONDUCT FURTHER PROCEEDINGS ON DAMAGES**

THIS MATTER comes before the Court on the Proposed Findings and Recommended Disposition to Grant Default Judgment (Liability) Against Defendants Dylan Stormont, Individually, and Dewayne's Aircraft Services, LLC and to Schedule Further Proceedings to Determine Damages ("PF&RD") [Doc. 53]. No objections were filed. The Court referred the Motion for Default Judgment [Doc. 28] to U.S. Magistrate Judge Jerry H. Ritter for analysis and a recommended disposition. [Doc. 19]. Having reviewed the PF&RD, the Motion for Default Judgment, and the relevant law, the Court will **ADOPT** Judge Ritter's recommendation to **GRANT** the Motion for Default Judgment as to liability and schedule proceedings as to damages.

## BACKGROUND[1]

This matter concerns the lease-to-purchase sale of a Cessna 425 airplane from Gospel Ministries International ("GMI") to Dylan Stormont and his client Clay Chester, the president of Premier Property Sales, Ltd. ("PPI"). [Doc. 1, p. 2, 3]. The Cessna did not have any engines or interior at the time that Chester signed the purchase agreement on behalf of PPS. *Id.* at 3.

The Cessna's engines were installed, but in the process the left prop hub was damaged and needed repair. *Id.*  GMI advised Chester. *Id.*  Nelson Chee installed the repaired left prop hub. *Id.* On October 28, 2020, GMI's agent and Chee tried and failed to start the Cessna, whose "Ng gauges" showed no indication. *Id.* at 4. Despite being told that the Cessna was not ready and needed more repairs, Stormont and Chester arrived the following day. *Id.*

---

[1] The Court will not recite all the facts, but only those pertinent for background knowledge as alleged in the Complaint. [Doc. 1].

2

On October 31, 2020, under the guise of "overseeing and observing the troubleshooting process," Chester and Stormont tried to hotwire the gauges and start the engines outside of Chee's supervision. *Id.* Consequently, the left engine burned out and became inoperable. *Id.*

GMI sued PPI, Chester (individually and as PPI president), Stormont (individually), and Dewayne's Aircraft Services, LLC ("DAS") on June 18, 2021. *See generally id.* The claims include negligence, negligence per se, intentional tort, and breach of contract. *Id.* at 4-8. GMI alleged negligence, negligence per se, and intentional tort claims (Counts 1-3) against Stormont. *Id.* at 4-6. GMI only alleged breach of contract (Count 5) against DAS. *Id.* at 8. Damages include over $140,000 for engine repair costs and other amounts, including compensatory damages, to be proven at trial. *See id.* Specific amounts were not provided.

Summonses were issued to all Defendants on July 9, 2021. Defendants PPI and Chester answered on July 23, 2021. [Doc. 6]. Summonses to all Defendants were returned executed and filed on August 12, 2021. [Docs. 9-12]. Stormont and DAS never answered nor entered an appearance. Thus, on November 29, 2021, GMI filed its Motion for Default Judgment against Stormont and DAS only. [Doc. 19]. The non-defaulting Defendants did not oppose the Motion for Default Judgment. *Id.* at 3. Neither Stormont nor DAS filed a response to the Motion. Thus, the clerk entered default on January 19, 2022, under Rule 55(a). [Doc. 27]; *see* Fed. R. Civ. P. 55(a). Upon the Court's referral, Judge Ritter issued the instant PF&RD on September 27, 2022. [Doc. 53]. No objections were filed.

**The PF&RD**

In the PF&RD, Judge Ritter found that the Complaint was served on Stormont individually and on DAS through Stormont on July 9, 2021, but that neither filed an answer. [Doc. 53, p. 2].

Nor did they respond to the Motion for Default Judgment. *Id.* Thus, Judge Ritter recommended entry of default judgments on liability against Defendants Stormont and DAS.

He also found that the clerk's entry of default against Stormont and DAS deemed the Complaint's well-pleaded allegations admitted. *Id.* However, Judge Ritter noted that neither the Motion for Default Judgment nor any other filing establish that GMI's claims are for a "sum certain or a sum that can be made by computation." *Id.* (citing Fed. R. Civ. P. 55(b)(1)). Consequently, he found that the Court must determine the amount of damages on the three counts against Stormont and on the single count against DAS. *Id.* at 3 (citing Fed. R. Civ. P. 55(b)(2)).

Therefore, Judge Ritter recommended the following:

1. That the Court enter default judgment as to liability against Stormont on Counts 1-3 and against DAS on Count 5. *Id.* at 3;

2. That Judge Ritter hold a scheduling conference with GMI to determine:

    a. Whether GMI asserts a federal statutory right to a jury trial on damages against Stormont and DAS, and if it does assert a jury trial, whether GMI will request to bifurcate so that the jury trial for Stormont and DAS would proceed separately from any jury trial for PPI and Chester (the non-defaulting defendants); or

    b. If GMI does not have a federal statutory jury trial right, or will waive any right, when GMI would be available and prepared for a bench (non-jury) trial on damages against Stormont and DAS;

3. That Judge Ritter hold the appropriate evidentiary hearing on damages unless the Court determines that only one jury trial should be held involving all Defendants (both defaulting and non-defaulting); and

4. If the Court does not order a single jury trial for all Defendants, that Judge Ritter submit final proposed findings and a recommended disposition solely on damages after the appropriate evidentiary hearing.

*Id.* at 4.

## LEGAL STANDARDS

A party's objections to the magistrate judge's proposed findings and recommendation disposition must be both timely and specific to preserve issues for *de novo* review by the district court. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party's failure to timely and specifically object waives any *de novo* review by the district court of the magistrate judge's recommendations. *Id.*

## ANALYSIS

The Court finds that the recommendations in the PF&RD are well-taken and will be adopted. No objections were filed, and therefore Stormont and DAS have waived any arguments contesting the PF&RD. *See One Parcel of Real Prop.*, 73 F.3d at 1060. When a default judgment is entered on claims for an indefinite or uncertain amount of damages, the facts alleged in the complaint are taken as true, except the facts relating to the amount of damages. *United States v. Craighead*, 176 F. App'x 922, 924-25 (10th Cir. 2006); *Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 461 (D.N.M. 2011) ("[D]efaults are treated as admissions of the facts alleged, but a plaintiff may still be required to prove that he or she is entitled to the damages sought") (internal citations omitted). Rule 55 provides that a court entering default judgment may conduct hearings or make referrals (while preserving any federal statutory jury trial right) to

determine the amount of damages if the plaintiff's claims are not for a "sum certain or sum that can be made by certain computation." Fed. R. Civ. P. 55(b)(2)(B).

The Court agrees with Judge Ritter and grants GMI's Motion for Default Judgment. The Court finds that Stormont and DAS failed to appear or otherwise respond to this lawsuit and the clerk appropriately entered default. Thus, the Court adopts the recommendation to enter default judgment on liability against Stormont on Counts 1-3 and DAS on Count 5. The Court finds that these defendants have admitted the factual allegations against them by defaulting.

Judge Ritter properly found that GMI's claims were not for a sum certain. Rule 55 empowers the Court to make referrals and conduct hearings in order to determine the amount of damages to which GMI is entitled on these claims, while preserving any statutory jury trial right. *See* Fed. R. Civ. P. 55. The PF&RD reflects this. The Court thus adopts the recommendation that Judge Ritter schedule a conference with GMI to ascertain whether GMI will assert a statutory jury trial on damages. Depending on GMI's answer, Judge Ritter will determine if GMI requires bifurcated jury trials or a non-jury trial on damages.

The Court will not order a single jury trial for all Defendants. Therefore, the Court adopts the recommendation that Judge Ritter conduct an evidentiary hearing on damages and submit a final PF&RD regarding damages on the claims against Stormont and DAS. The Court leaves the scheduling of these proceedings to Judge Ritter's discretion.

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 53] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Gospel Ministries International, Inc.'s Motion for Default Judgment Against Defendants Dylan Stormont, Individually, and Dwayne's Aircraft Services, LLC [Doc. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment as to liability against Defendants Dylan Stormont, individually, and Dwayne's Aircraft Services, LLC is hereby **ENTERED**. Judge Ritter shall conduct the appropriate hearings to determine damages and submit a final set of proposed findings and recommended disposition concerning damages.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**Senior United States District Judge**